IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | MDL Case No. 1:22-md-03035-STA-jay<br><br>ALL CASES<br><br>Honorable S. Thomas Anderson |

# CASE MANAGEMENT ORDER

Plaintiffs Rev. Pearce Ewing, Rev. Charles R. Jackson, Presiding Elder Phillip Russ, IV, Rev. Marcius King, *by and through Lynette Glenn, Power of Attorney*, Rev. Matthew Ewing, Rev. Derrell Wade, Rev. Reuben J. Boyd, Jr., Rev. A. Offord Carmichael, Jr., Rev. Diane Conley, Rev. Cedric V. Alexander, on behalf of themselves and all other similarly situated and Defendants Newport Group, Inc., Symetra Financial Corporation, Rev. Dr. Jerome Harris, African Methodist Episcopal Church, Inc., Trustees of the African Methodist Episcopal Church, African Methodist Episcopal Church Ministerial Retirement Annuity Plan, African Methodist Episcopal Church Department of Retirement Services, General Board of the African Methodist Episcopal Church, Council of Bishops of the African Methodist Episcopal Church, Bishop Samuel L. Green, Sr., and Third-Party Defendants Financial Freedom Group, Inc. and Robert Eaton (collectively "Defendants") submit the Parties' jointly proposed Case Management Order, pursuant to the Court's Supplemental Order Regarding Proposed Case Management Order, and state as follows:

1. Pursuant to Fed. Civ. P. 26(f) and Local Rule 16.2, a meet and confer was held on July 18, 2022 attended by counsel on behalf of all Plaintiffs and counsel on behalf of all Defendants.

2. **Discovery Plan**: The parties propose to the Court the following discovery plan:

   a. **Case Management and Discovery Schedule:**

| Deadline | Event |
|---|---|
| August 19, 2022 | Deadline for Plaintiffs to file a consolidated amended complaint.[1] |
| September 1, 2022 | Parties to serve Fed. R. Civ. P. 26(a)(1) disclosures. Supplementations are due as required by Rule 26(e). |
| September 9, 2022 | Discovery commences and the Parties may serve initial written discovery requests. |
| August 30, 2023 | Deadline to complete fact discovery. |
| September 15, 2023 | Deadline for the Parties to request leave to join additional parties and/or to amend the pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial. |
| October 4, 2023 | Deadline for Plaintiffs', Cross-Plaintiffs' and Third-Party Plaintiffs' Rule 26(a)(2)(D)(i) disclosures. |
| November 8, 2023 | Deadline for Defendants' Rule 26(a)(2)(D)(ii) rebuttal disclosures. |
| December 11, 2023 | Deadline for Plaintiffs' Rule 26(a)(2)(D)(ii) rebuttal disclosures. |
| February 9, 2024 | Deadline to complete expert discovery. |
| March 26, 2024 | Deadline for Plaintiffs to file a motion for class certification. If there is a need to alter the deadline for moving for class certification or responding to the class certification motion due to delays in the production of the documents or scheduling of depositions, then the parties will work cooperatively to adjust |

---

[1] The parties agree that the Defendants' responsive pleadings shall be due within 60 days of service of Plaintiffs' consolidated amended complaint but any motions to dismiss shall be filed within 30 days of service of Plaintiffs' consolidated amended complaint.

| | |
|---|---|
| | the schedule as necessary and inform the Court if any adjustments may be necessary.[2] |
| March 26, 2024 | Deadline to file dispositive motions and *Daubert* motions. |

    b.    **Scope of Discovery:** Discovery will be needed on the following subjects: (1) Plaintiffs' allegations as set forth in the Consolidated Amended Complaint (CAC) to be filed on or before August 19, 2022; (2) the alleged damages sought by Plaintiffs; (3) Defendants' defenses as set forth in Defendants' Answers to Plaintiff's CAC; (4) any other defenses that may become applicable during discovery; (5) all other issues raised by the pleadings; (6) any expert disclosures; and (7) all other relevant matters within the scope of discovery under Rule 26(b).

    c.    **Case Management Track**: Discovery shall be placed on a case-management track established in Local Rule 16.2. The parties propose the appropriate track for this case is that designated in Local Rule 16.2(b)(5) is Complex.

    d.    **Discovery Limits:** The parties propose the following discovery limits:

        i.  **Interrogatories:**

        Each party shall be limited to 30 interrogatories (including subparts) to any one opposing party. Any party that believes it needs more interrogatories may file a motion requesting leave to serve additional interrogatories.

---

[2] Defendants' responses to the motion for class certification shall be due within 45 days of service of the motion. If Plaintiffs include a declaration or other submission from an expert in support of their motion for class certification, Defendants shall be permitted to depose such expert before their responses to the motion for class certification are due, and Plaintiffs shall make such expert available for deposition as soon as possible after filing the motion.

3

      ii. **Depositions:** All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order. All Parties agree to make retained expert witnesses available for deposition as soon as possible after submission of the expert's report. The parties reserve their rights to object to depositions under any grounds listed in the Federal Rules of Civil Procedure. The Parties and the Court will address at a later conference whether any limitation should be placed on the number of depositions.

3. **Mediation**: Mediation should be conducted during the discovery period, the exact date to be set by the mediator after consultation with the parties. The Parties agree to meet and confer to select a mediator.

4. **Preliminary Deposition Schedule**: Counsel for the parties will confer and attempt to schedule depositions on mutually agreeable dates during the discovery period.

5. **Other Items**:

    a. The parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties. The parties do not consent to Magistrate Judge jurisdiction.

    b. The parties do not request a conference with the Court before entry of the scheduling order other than the currently scheduled status conference on October 27, 2022.

    c. **Trial Date:** A jury trial has been demanded. If the case is ultimately tried, trial currently is expected to take approximately 20 days of trial time, though that estimate may change as discovery proceeds.

    d. **Witness Lists/ Exhibits:** Final lists of witnesses and exhibits under Rule 26(a)(3) are due from Plaintiffs by 45 days before the final Pretrial Conference and from Defendants by 30 days before the final Pretrial Conference.

    e. **Pretrial Conference:** The parties request that a pretrial conference be held 45 days prior to the trial date.

  f. **Motions *in Limine*:** Unless otherwise ordered by the Court, the parties propose that all motions *in limine* shall be filed no later than thirty days prior to the pretrial conference.

  g. **Confidential Information:** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and anticipate filing a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

  h. **Stipulation to Electronic Service of Documents:** Pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and by and through their undersigned attorneys, the parties hereby stipulate that any document required to be served pursuant to Rule 5(a) of the Federal Rules of Civil Procedure – but which is not submitted for filing using the Court's Case Management/Electronic Case Filing system (CM/ECF) – shall be considered properly served on a party if the document is sent by electronic mail using the email address designated in each counsel's signature below. The following conditions shall apply to this stipulation:

   i. Service of a document will be considered effective as of a particular date if the email attaching the document is transmitted to the recipient's email server by 11:59 p.m. EST on that date.

   ii. If the sender receives notification that a message was not delivered to the recipient, the document will not be considered served until: (i) the message is re-sent and a notice of delivery failure is not received within a reasonable amount of time; or (ii) the document is transmitted by other means allowed pursuant to Rule 5 of the Federal Rules of Civil Procedure.

   iii. If a party wishes to serve documents or other electronic media with a file size too large to be transmitted by the sender's email server or accepted by the recipient's email server, the party may serve the documents by making the file available for download on a file-sharing site and emailing a link that may be used by the recipient to access and download the documents.

   iv. If any party wishes to change the email address designated for receipt of electronic service of documents pursuant to this stipulation, they shall circulate written notice of the changed email address to all parties at the email addresses designated below.

6. **Electronically-Stored Information:** The parties have discussed that this lawsuit could involve the discovery of electronically stored information ("ESI")

5

and anticipate submitting to the Court a mutually agreeable protocol for the collection and production of ESI.

**IT IS SO ORDERED.**

                                                <u>s/ S. Thomas Anderson</u>
                                                S. THOMAS ANDERSON
                                                Chief United States District Judge

                                                Date: August 25, 2022.

Submitted and approved by:

/s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV
BRANSTETTER, STRANCH
& JENNINGS, PLLC
223 Rosa L. Parks Avenue,
Suite 200
Nashville, Tennessee 37203
(615) 254-8801
Fax: (615) 255-5419
gerards@bsjfirm.com

*Liaison Counsel*

Gregorio A. Francis
OSBORNE & FRANCIS LAW
FIRM, PLLC
433 Plaza Real, Suite 271
Boca Raton, FL 33432
(561) 293-2600;
Fax: (561) 923-8100
gfrancis@realtoughlawyers.com

Matthew E. Lee
MILBERG COLEMAN
BRYSON PHILLIPS
GROSSMAN, PLLC
900 W. Morgan Street
Raleigh, NC 27603
919-600-5000
Fax: 919-600-5035
mlee@milberg.com

*Interim Co-Lead Counsel*

Dhamian Blue
Blue LLP
P.O. Box 1730
Raleigh, NC 27602
919-833-1931
Fax: 919-833-8009
dab@bluellp.com

Richard Schulte
Wright & Schulte LLC
865 S. Dixie Dr.
Vandalia, OH 45377
937-435-9999
Fax: 937-435-7511
rschulte@yourlegalhelp.com

Dean Graybill
AARP Foundation
601 E Street, NW
Washington, DC 20049
(202) 434-6280
Fax: (202) 434-6424
dgraybill@aarp.org

Kenneth S. Byrd
LIEFF CABRASHER
HEIMANN & BERNSTEIN,
LLP
222 2nd Ave S
Nashville, TN 37210
615-313-9000
Fax: 615-313-9965
kbyrd@lchb.com

Elizabeth Hopkins
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA 91324
818-886-2525
Fax: 818-350-6274
ehopkins@kantorlaw.net

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022, I electronically filed the above with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
