IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Docket No. 1:22-md-03035-STA-jay<br><br>ALL CASES |

**DEFENDANT SYMETRA LIFE INSURANCE COMPANY'S OPPOSITION TO AMEC DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED PARTIAL ANSWER AND CROSS-COMPLAINT**

Markham R. Leventhal
Benjamin M. Stoll
CARLTON FIELDS, P.A.
1025 Thomas Jefferson Street, NW Suite 400W
Washington, DC 20007
Telephone: (202) 965-8189
Facsimile: (202) 965-8104

Todd M. Fuller
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant
Symetra Life Insurance Company*

Symetra Life Insurance Company ("Symetra Life") opposes "AMEC's Motion for Leave to File First Amended Partial Answer and Cross-Complaint" because AMEC has improperly named non-party Symetra Financial Corporation ("Symetra Financial") as a cross-claim defendant. Symetra Financial, a holding company, is not a defendant in the Consolidated Amended Class Action Complaint. Accordingly, it cannot be named in a cross-claim. Symetra Life encouraged AMEC to correct this mistake, but AMEC has failed to do so. Accordingly, the Court should deny AMEC's motion for leave to file its Amended Cross-Complaint as to Symetra Financial.

## BACKGROUND

Symetra Life issued annuity contracts to Defendant Harris as Plan Trustee of the AMEC Ministerial Retirement Plan (the "Plan") identified in Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint"). Plaintiffs have asserted legal claims against Symetra Life in the Complaint related to the annuities issued to AMEC, thereby making Symetra Life a party to this lawsuit. ECF No. 74. Plaintiffs did not include Symetra Life's parent company, Symetra Financial, as a named defendant in the Complaint; nor did Plaintiffs make any factual allegations regarding Symetra Financial. Symetra Financial is *not* a party to this lawsuit.

AMEC now seeks leave to file a First Amended Cross-Complaint not against party Symetra Life, but against non-party Symetra Financial. ECF No. 194. Counsel for Symetra Life brought this apparent error to the attention of AMEC's counsel and explained that Symetra Financial is not a proper target of any cross-claims because it is not a party. Rather than burden the Court with this opposition, Symetra Life asked AMEC to agree to substitute Symetra Life for Symetra Financial in the First Amended Cross-Complaint. See Ex. 1 at 2-3. AMEC ignored this request for days, requiring Symetra Life to follow up with a second request. Ex. 1 at 2. Then, rather than agreeing to Symetra Life's request, AMEC instead responded with a non-sequitur request for

information regarding Symetra Financial's insurance coverage. Ex. 1 at 1-2. Symetra Life replied that it had disclosed insurance policies pursuant to Rule 26(a) and repeated its request that AMEC correct its improper attempt to bring cross-claims against a non-party. Ex. 1 at 1. AMEC <u>conceded</u> that it could not properly bring cross-claims against non-party Symetra Financial, but nonetheless failed to agree to change its proposed Cross-Complaint to name Symetra Life instead. Ex. 1 at 1.

Because Symetra Life's response to AMEC's motion to amend is now due, and AMEC still has not amended its proposed First Amended Cross-Complaint to name the correct Symetra entity, Symetra Life is forced to file this opposition.

## ARGUMENT

Symetra Life does not admit any of AMEC's proposed amended allegations, but Symetra Life does not object to AMEC's general request to amend its answer and cross-complaint. At this stage, Symetra Life objects only to AMEC's attempt to bring cross-claims against a non-party.[1]

By definition, a "cross-claim" must be asserted against an entity that is already a party to the lawsuit. It is black letter law that a defendant cannot bring cross-claims against a non-party. Fed. R. Civ. P. 13(g); *see also Eagle Investors v. Bank of Am., N.A.*, 2016 WL 730731, at *2 (D. Nev. Feb. 22, 2016) ("It is well established that a cross-claim cannot be asserted against a non-party."); *Wake v. United States*, 89 F.3d 53, 62 (2d Cir. 1996) ("A cross-claim may be asserted only between co-parties."); *White v. Yow*, 2019 WL 11648665, at *2 (E.D. Tenn. Nov. 25, 2019) (noting differences between cross-claims against existing parties and third-party complaints against nonparties). <u>Counsel for AMEC expressly conceded this</u>. Ex. 1 at 1. Since Symetra

---

[1] Symetra Life objects to the legal sufficiency of and the Court's jurisdiction over AMEC's proposed First Amended Cross-Complaint, but this objection will be raised in a subsequent motion to dismiss if the Court allows AMEC to file a First Amended Cross-Complaint.

Financial is not a party to this lawsuit, AMEC's motion for leave to file a cross-complaint that improperly includes Symetra Financial as a cross-claim defendant should be denied.

In the unlikely event that AMEC desires to bring claims against a non-party, such as Symetra Financial, AMEC must file and serve a third-party complaint and follow the appropriate procedures for joinder. *See* Fed. R. Civ. P. 14, 20. The Court should require AMEC to follow these fundamentals of the Federal Rules of Civil Procedure.

This is not mere formalism or semantics. AMEC's proposed Amended Partial Answer and Cross-Complaint fails to meaningfully distinguish between the conduct ascribed to Symetra Life and that ascribed to Symetra Financial. Instead, AMEC's proposed Amended Cross-Complaint seems designed to lump these two distinct corporate entities together in an impermissible "shotgun" pleading. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) for proposition that shotgun pleading violates Federal Rules of Civil Procedure and is impermissible). AMEC is, in effect, asking the Court to ignore corporate distinctions and pretend that Symetra Life and Symetra Financial are the same entity. There is no basis for doing so.

As noted, if AMEC wanted to sue Symetra Financial, AMEC should be required to file and serve a proper third-party complaint, to follow the requirements for joinder, and to make clear which factual allegations it is making against each entity.

### CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above, Symetra Life respectfully requests that the Court deny AMEC's motion for leave to amend its cross-complaint without prejudice to naming the correct party.

Dated:  March 6, 2023                                      Respectfully submitted,

/s/  *Markham R. Leventhal*
Markham R. Leventhal (DC Bar No. 489597)
Benjamin M. Stoll (DC Bar No. 1006837)
CARLTON FIELDS, P.A.
1025 Thomas Jefferson Street, NW Suite 400W
Washington, DC 20007
Telephone:  (202) 965-8189
mleventhal@carltonfields.com
bstoll@carltonfields.com

Todd M. Fuller (FL Bar No. 666211)
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone:  (305) 530-0050
tfuller@carltonfields.com

*Attorneys for Defendant*
*Symetra Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies the recipients of electronic notice.

*/s/ Markham R. Leventhal*
Markham R. Leventhal