# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | MDL Docket No. 1:22-md-03035-STA-jay<br><br>ALL CASES<br><br>Honorable S. Thomas Anderson |

## JOINT STATUS UPDATE IN ADVANCE OF
## February 27, 2024 STATUS CONFERENCE

At the initial status conference in this matter, the Court requested that the Parties provide a joint update on the status of litigation seven days before each status conference. [ECF No. 69]. In advance of the February 27, 2024 status conference, the Parties report as follows:

I. **Procedural Overview Since the December 13, 2023 Status Conference**

   a. **Pending Motions to Dismiss**

There are currently two pending motions to dismiss.

First, on September 7, 2023, Newport filed a motion to dismiss all claims against it in AMEC's amended cross-complaint. [ECF No. 280]. AMEC responded on October 16, 2023, [ECF No. 289], and Newport filed its reply brief on November 13, 2023, [ECF No. 302]. Briefing is now complete on that motion to dismiss. The Court indicated it likely would rule on the motion without oral argument.

Second, on September 25, 2023, Symetra Financial Corporation filed a motion to dismiss AMEC's third-party complaint for lack of personal and subject-matter jurisdiction or to stay the claims in that complaint pending resolution of the arbitration between AMEC and the two Symetra entities. [ECF No. 282]. AMEC filed its response on November 6, 2023. [ECF No. 301]. Symetra Financial timely filed a reply brief on December 1, 2023. [ECF No. 309]. Briefing is now complete. The Court indicated it likely would rule on the motion without oral argument.

### b. Plaintiffs' Motion to Sever Claims Against Jarrod Erwin

On October 4, 2023, Plaintiffs filed a motion to sever and stay claims against Defendant Jarrod Erwin. [ECF No. 284]. On October 18, 2023, Symetra and Newport collectively moved for an extension to file a response to the Motion to Sever. [ECF No. 290]. Plaintiffs opposed the extension. [ECF No. 293]. The Court granted Symetra and Newport's request for an extension, [ECF No. 296], and they filed a response in opposition on November 1, 2023, [ECF No. 297]. Plaintiffs sought leave to file a reply to Symetra and Newport's opposition, [ECF No. 298], which the Court granted, [ECF No. 299]. Plaintiffs filed their reply brief on November 6, 2023. [ECF No. 300]. The Court has not heard oral argument on the motion.

### c. Symetra's Motion to Compel Against Plaintiffs

On December 12, 2023, Symetra filed a motion to compel Plaintiffs to produce certain documents in the possession of the Motorskill entities, [ECF No. 318], and filed an amended motion on December 13, [ECF No. 319]. Plaintiffs opposed this request on December 22, 2023. [ECF No. 324]. Symetra then filed a reply in further

support of its motion on December 29, 2023. [ECF No. 326]. The Court referred the motion to the Magistrate Judge for determination on January 5, 2024. [ECF No. 327].

## II. Erwin Bankruptcy Proceedings

With the exception of additional written discovery and document productions among the Parties and subpoenas for documents to third-parties, prosecution of this action largely was stalled by the Erwin Bankruptcy. After a discussion with the Court, Plaintiffs brokered an agreement with Erwin, AMEC, and the Trustee to file a joint motion to clarify the scope of the automatic stay as it related to this proceeding. On January 17, 2024, the Bankruptcy Court granted Plaintiffs' motion to clarify the scope of the automatic stay and Plaintiffs filed notice of the ruling that same day. [ECF No. 328]. The Bankruptcy Court clarified that Plaintiffs could undertake discovery in this case, as long as it wasn't directed to Jarrod Erwin. As soon as Plaintiffs received that order, they began noticing depositions as detailed below.[1]

As it relates to the bankruptcy proceedings themselves, Plaintiffs and AMEC are engaged in an adversary proceeding with Jarrod Erwin, regarding whether Plaintiffs' claims against Jarrod individually are dischargeable and asserting several claims on behalf of AMEC. That proceeding is currently in discovery with a trial date in October 2024.

## III. Status of Discovery

Discovery commenced on September 9, 2022. [ECF No. 78, p. 2].

---

[1] As a result of the Bankruptcy Court's clarification, Plaintiffs filed an unopposed motion to extend time for all discovery and pre-trial deadlines, which the Court partially granted on January 25, 2024.

### a. Written Discovery

Plaintiffs served discovery requests on most Parties the first day discovery commenced, and served all Parties that made an appearance after that by the end of September. Symetra served discovery requests on the AMEC Defendants in May 2023, which the AMEC Defendants responded to in June 2023. Symetra also served discovery requests on Plaintiffs, Defendant Eaton, and Defendant Harris on June 30, 2023. Defendant Harris responded to Symetra's requests on July 28, 2023. Defendant Eaton served his responses on August 11, 2023, and Plaintiffs served their responses on August 31, 2023.

Newport served requests for production on Plaintiffs in May of 2023. Plaintiffs served their written responses and objections to those requests on June 21, 2023. Newport also served the AMEC Defendants with requests for production in May of 2023. The AMEC Defendants served their written responses and objections to those requests on July 20, 2023.

The Parties have been producing documents, with the following having been produced to date:[2]

| Defendant | Date of Production | Number of Documents Produced |
|---|---|---|
| AME Church | 4/29/2023 | 617 |
| Robert Eaton | 12/13/2022 | 711 |
| Dr. Jerome Harris | 12/28/2022 | 21 |
|  | 2/28/2023 | 4 |

---

[2] A small number of additional documents were produced under Rule 408 of the Federal Rules of Evidence and may not have been produced to all Parties in this litigation. Those documents are not identified in this chart.

| | | |
|---|---|---|
| | 07/24/2023 | 5 |
| Symetra Life Insurance | 1/5/2023 | 889 |
| | 2/8/2023 | 5 |
| | 3/17/2023 | 51 |
| | 4/12/2023 | 1,465 |
| | 6/29/2023 | 4,439 |
| | 11/17/2023 | 90 |
| Newport Group | 1/31/2023 | 667 |
| | 2/1/2023 | 5 |
| | 3/7/2023 | 5 |
| | 3/31/2023 | 1,157 |
| | 6/2/2023 | 6,009 |
| | 7/5/2023 | 5,472 |
| Plaintiffs[3] | 9/1/2022 | 884 |
| | 6/21/2023 | 217 |

AMEC Defendants served written discovery requests to Jerome Harris on June 16, 2023; Harris served responses on July 24, 2023. Plaintiffs understand that additional documents possessed by Dr. Harris were seized as part of a related criminal investigation. Plaintiffs have recovered these 852 documents from AMEC, which were produced by AMEC on October 19, 2023 (and are not included in the chart above). Plaintiffs also produced four boxes of documents that were produced in hard copy by the Motorskill defendants

### b. Third-Party Discovery

Plaintiffs have also engaged in discovery of third parties and have sent subpoenas to the following individuals/entities:

| Subpoenaed Party | Date of Service | General Documents Sought | Number of Documents Produced |
|---|---|---|---|
| Dr. Richard | 12/7/2022 | documents related to | 0 |

---

[3] This reflects the cumulative number of pages, rather than unique documents, produced by all Plaintiffs.

5

| | | | |
|---|---|---|---|
| Allen Lewis | | AME's finances | |
| Gregory Terrell & Company | 12/8/2022 | documents related to audit of AME's retirement fund after Dr. Harris's retirement | 0 |
| Day & Night Solar | 12/8/2022 | documents related to investments and transactions with AME's retirement fund | 24 |
| Hoskins & Company | 12/8/2022 | documents related to audit of AME's retirement fund after Dr. Harris's retirement | 0 |
| Deutsche Bank Securities | 3/27/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 81 |
| J.P. Morgan Securities, LLC | 5/30/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 1,214[4] |
| Regions Bank | 3/7/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 765 |
| Truist Bank | 3/10/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 827 |
| UBS Financial | 3/9/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton and/or Motorskill entities | 0 |
| CBiz, Inc. | May 2, 2023 | accounting and corporate records related to entities controlled by Dr. Harris and/or Robert Eaton | 431 |

---

[4] This refers to the number of pages in the production, rather than the unique number of files.

6

Plaintiffs are continuing to confer with several of these entities regarding the scope of the subpoenas and expect to receive additional documents from some of them. Plaintiffs are also continuing to identify additional third parties that may have documents relevant to this litigation and preparing subpoenas for those documents.

### c. Depositions

Plaintiffs have noticed and taken three depositions so far. They first deposed Christopher Harris, Dr. Jerome Harris's son and a longtime employee of the AMEC Retirement Department, on January 29, 2024 in Memphis, TN. Plaintiffs then conducted an initial Rule 30(b)(6) deposition of AMEC on February 7, 2024 in Nashville, TN, focused on corporate structure and document retention issues. Symetra cross-noticed this deposition on similar topics. On February 7, 2024, AMEC designated a second witness on the Parties' initial 30(b)(6) topics and the deposition was continued to February 21, 2024. Plaintiffs then deposed Gloria Peterson on February 9, 2024 in Huntsville, AL. Ms. Peterson was Dr. Jerome Harris's executive assistant from 2008 through his retirement in 2021. Plaintiffs have also noticed depositions of the two AMEC bishops who are named as individual defendants, James Davis and Samuel Green, to occur on March 5 and 6, respectively, in Atlanta, GA.

Given the number of anticipated depositions, the number of Parties involved, and the varying locations of witnesses around the country, the Parties agree that remote attendance at depositions scheduled in this matter may be appropriate at times. The Parties have, and will continue to, meet and confer to attempt to reach an agreement on the logistics of remote attendance.

The Court entered an Order on January 25, 2024 requiring submission of a list of proposed deponents and a proposed preliminary schedule for those depositions. [ECF No. 330]. After business hours on February 15, counsel for Symetra and Newport emailed a list of 27 witnesses who they wished to depose. They did not provide or suggest a preliminary schedule for those depositions. By midday the next day, Plaintiffs' counsel circulated a chart with 32 witnesses, many of whom were on Symetra and Newport's list, and a proposed preliminary schedule (as ordered by the Court). Plaintiffs' counsel requested that the Parties work from that chart to add in additional witnesses so that they could be submitted with a preliminary schedule. Plaintiffs' proposed list of deponents and preliminary schedule for those depositions, which now includes Symetra and Newport's suggested witnesses, is attached as **Exhibit A** to this joint status report.

**NEWPORT & SYMETRA'S POSITION:**

Newport and Symetra have proposed that depositions be grouped and organized based on Party affiliation as set forth in the proposed deposition plan attached hereto as **Exhibit B**. Newport and Symetra believe that grouping depositions this way will allow the parties to prepare and present their witnesses more efficiently and will result in less travel for all parties. In addition, Symetra and Newport believe it is premature to allocate specific witnesses to specific weeks given that many of the parties have not yet discussed scheduling with their witnesses.

**PLAINTIFFS' POSITION:**

Plaintiffs object to Newport and Symetra's proposed organization based on Party affiliation. The order of testimony can be critical for preserving the integrity of the testimony and for the efficiency of discovery going forward. Plaintiffs have the burden of proof in this case and are entitled to advance their strategic goals in discovery to a reasonable extent. Newport and Symetra have relegated depositions of anyone and everyone in their organizations to the final phase of discovery. Plaintiffs understand that AME agrees with Plaintiffs proposed list and schedule and that AME does not agree with Newport and Symetra's proposed list.

The Parties agree that any deposition plan adopted should be without prejudice to the Parties' rights to notice additional depositions that they may deem appropriate as discovery progresses. The Parties agree to work cooperatively to schedule all depositions, including, if possible, double tracking depositions.

**IV.      Mediation Efforts**

As discussed at earlier status conferences, Plaintiffs, AME Church, the Eaton Defendants, Newport, Symetra, and Dr. Harris agreed to engage in an early mediation with the Hon. Justice Janice M. Holder (Ret.). That mediation occurred on February 6, 2023. A second mediation between Plaintiffs and the AMEC Defendants occurred on May 4, 2023. The Parties have not continued settlement discussions since that mediation session and do not have any additional sessions scheduled at this time.

9

### V. Proposed Schedule for Future Status Conferences

The Court has already scheduled the next two status conferences for May 3, 2024 and June 25, 2024 respectively. The Parties propose that the Court continue scheduling future status conferences approximately every sixty days, with a remote attendance option (either by telephone or video-conferencing) for Parties that are unable or may not need to attend each status conference in person so as to limit the costs and burdens associated with attending each conference. The Parties propose the next status conference be scheduled now, to occur during the week of August 12, 2024.

### VI. Conclusion

The Parties appreciate the Court's diligent management of this matter and welcome the opportunity to address any additional matters the Court would like to discuss at the February 27, 2024 status conference.

Respectfully submitted this the 20th day of February 2024.

*/s/ Matthew E. Lee*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
919-600-5000
Fax: 919-600-5035
mlee@milberg.com

Gregorio A. Francis
**OSBORNE & FRANCIS LAW FIRM, PLLC**
433 Plaza Real, Suite 271
Boca Raton, FL 33432
(561) 293-2600
Fax: (561) 923-8100
gfrancis@realtoughlawyers.com

Benjamin Michael Stoll
Markham Richard Leventhal
**CARLTON FIELDS, P.A.**
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
t: 202-965-8189
f: 202-965-8104
bstoll@carltonfields.com
mleventhal@carltonfields.com

*Counsel for Symetra Life Insurance Company and Symetra Financial Corporation*

10

*Interim Co-Lead Counsel*

J. Gerard Stranch, IV
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
Fax: (615) 255-5419
gerards@bsjfirm.com

*Liaison Counsel*

Dhamian Blue
**BLUE LLP**
P.O. Box 1730
Raleigh, NC 27602
919-833-1931
Fax: 919-833-8009
dab@bluellp.com

Richard Schulte
**WRIGHT & SCHULTE LLC**
865 S. Dixie Dr.
Vandalia, OH 45377
937-435-9999
Fax: 937-435-7511
rschulte@yourlegalhelp.com

Dean Graybill
**AARP Foundation**
601 E Street, NW
Washington, DC 20049
(202) 434-6280
Fax: (202) 434-6424
dgraybill@aarp.org

Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Ave S
Nashville, TN 37210
615-313-9000
Fax: 615-313-9965
kbyrd@lchb.com

Sean C. Abouchedid
Lars C. Golumbic
Shaun A. Gates
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave NW, Ste 1200
Washington, DC 20006
t: 202-861-6605
sabouchedid@groom.com
lgolumbic@groom.com
sgates@groom.com

*Counsel for Newport Group, Inc.*

Reba A Letsa
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street
Baltimore, MD 21202
t: 410-862-1181
rletsa@bakerdonelson.com

Bruce McMullen
Mary Wu Tullis
Jennie Vee Silk
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
165 Madison Ave., Ste 2000
Memphis, TN 38103
t: 901-577-2356
f: 901-577-2303
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com
jsilk@bakerdonelson.com

*Counsel for the AMEC Defendants*

Samuel Keenan Carter
**BUTLER SNOW LLP**
6075 Poplar Ave., Suite 500
Memphis, TN 38119
t: 901-680-7200
keenan.carter@butlersnow.com

*Counsel for Jerome V. Harris*

11

Elizabeth Hopkins
**KANTOR & KANTOR LLP**
19839 Nordhoff Street
Northridge, CA 91324
818-886-2525
Fax: 818-350-6274
ehopkins@kantorlaw.net

*Plaintiffs' Steering Committee*

Clarence A. Wilbon
John Davis Woods, III
**ADAMS AND REESE, LLP**
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
t: 901-524-5324
f: 901-524-5414
clarence.wilbon@arlaw.com
john.woods@arlaw.com

*Counsel for Financial Freedom Group, Inc.*

Perry A. Craft
**LAW OFFICE OF PERRY A. CRAFT, PLLC**
402 BNA Drive, Building 100, Suite 402
Nashville, TN 37217
t: 615-953-3808
f: 615-739-6292
perrycraft@craftlegal.com

*Counsel for Jarrod Erwin*